UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANNY MOLLISON, )<br>         Plaintiff, )<br>         )<br>v.                                  )<br>         )<br>WAL-MART STORES EAST, LP, )<br>         Defendant. ) | CAUSE NO. |

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Danny Mollison, a qualified African American/black employee of the Defendants at all material times to this Complaint.

2. The Defendant is Wal-Mart Stores East, LP, d/b/a Walmart, a company doing business at 7502 Southtown Center, Fort Wayne, IN 46816.  At all material times to this Complaint, the Defendant was an "employer" for the purposes of 42 U.S.C. §1981, and the Family Medical Leave Act of 1993, 29 U.S. C. § 2061 et seq. ("FMLA").

3. The Plaintiff was employed by the Defendant beginning in 2007, until his wrongful termination on or about May 17, 2013. During his employment, the Plaintiff held the position of Manager/Training Coordinator and Customer Service Supervisor, but was fired then rehired into the lower level position of Deli Associate, on or about July, 2012.  With the change in job positions came a decrease of approximately $4.00 per hour in pay.  The change/demotion occurred approximately ten (10) months before the Plaintiff's termination in May, 2013.

4. During the Plaintiff's employment by the Defendants, the Plaintiff suffered from a serious health condition for which he was eligible to utilize FMLA leave (intermittent) in September 2012.  Later, the Plaintiff again requested and was eligible to receive FMLA leave in January 2013.  The Defendant denied the Plaintiff FMLA coverage in 2013 for some of his applicable absences, alleging that the Plaintiff failed to return all of the necessary paperwork within the time allotted for him to do so. Plaintiff contends however that similarly situated non-black/non-African American employees were granted extension to the deadline for providing Defendant their completed FMLA paperwork and/or were simply granted FMLA coverage in spite of failure to return their documents on time.

5. Between the period of approximately 2012 through May 17, 2013, the Plaintiff was treated more harshly than similarly situated employees that were non-black/non-African Americans.  The Plaintiff was assessed attendance points for absences and/or tardies that similarly situated non-black/non-African American deli employees were not assessed points for and, by May 2013, some of Plaintiff's incurred attendance points were kept on his employment record and counted against him, whereas similarly situated employees outside of his protected categories had their accrued attendance points "drop off" from their disciplinary record after a similar period of time.  In addition, in March 2013, the plaintiff became ill at work, and was granted permission to go home early.   Later however, the Defendant assessed the Plaintiff an attendance point for this absence.

Similarly situated employees outside of the Plaintiff's protected categories however were not assessed attendance points when they left work early.

6. The Plaintiff was terminated on or about May 17, 2013 for alleged "misconduct with coachings".  The Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality he was discriminated against and/or retaliated against on the basis of his color/race (black/African American) and/or for asserting his rights to FMLA leave, all of which violated the Plaintiff's rights under Title VII and/or the FMLA.  The Defendant's discriminatory and/or retaliatory conduct was a direct and proximate cause of the Plaintiff suffering the loss of his job and job related benefits including income, and additionally subjected the Plaintiff to inconvenience, emotional distress, and other damages and injuries.

7. The Defendants' discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under 42 U.S.C. §1981 and/or the FMLA.  Imposition of punitive damages (where available) and liquidated damages (where available) is justified.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

    Respectfully submitted,

    **CHRISTOPHER C. MYERS & ASSOCIATES**

    /s/ Ilene M. Smith
    Ilene M. Smith, #22818-02
    809 South Calhoun Street, Suite 400
    Fort Wayne, IN 46802
    Telephone:   (260) 424-0600
    Facsimile:   (260) 424-0712
    E-mail:   ismith@myers-law.com
    Attorney for Plaintiff

IMS/ak
S:\Mollison, Danny\Pleadings\Complaint.docx